# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| ASPHALT PAVING SYSTEMS, INC., | Case No.: |
| Plaintiff, | |
| v. | |
| PCS CIVIL, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT

Plaintiff Asphalt Paving Systems, Inc. ("APS") hereby files this Complaint against Defendant, PCS Civil, Inc. ("PCS") and states as follows:

### Parties

1. APS is a corporation created and existing under the laws of the State of New Jersey and is authorized to do, and does, business in the State of Florida, with its principal place of business located at 500 North Egg Harbor Road, Hammonton, New Jersey 08037.

2. PCS is a corporation created and existing under the laws of the State of Florida with its principal place of business located at 6920 Asphalt Avenue, Tampa, Florida 33614.

1

## Jurisdiction and Venue

3. Jurisdiction is proper in this Court under 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between APS and PCS, and the amount in controversy, exclusive of interest, costs, and attorneys' fees, exceeds the sum of $75,000.00.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2) because a substantial portion of the events and omissions giving rise to the claims herein occurred within this District and PCS resides within this District.

## Factual Background

5. This matter arises from PCS's failure to pay APS the total sum of one million, five hundred sixty one thousand four hundred forty six dollars and seventy cents ($1,561,446.70) as required both contractually and by the Florida Prompt Payment Act.

6. Upon information and belief, the Florida Department of Transportation ("FDOT") entered into certain contract agreements with PCS (the "Principal Contracts") to perform highway paving services on, among others, the following projects (the "Projects"):

- SR 52 Add Lanes and Reconstruct From Suncoast Pkwy To US 41 (SR 45); Contract #T7433 (the "SR 52 Project")

- SR 55 (US 19) Add Lanes & Reconstruct From W Jump Court to W Fort Island Trail; Contract #T7407 (the "SR 55 Project")

7. The Projects are owned by FDOT.

8. PCS serves as the prime contractor for the Projects.

9. On or about February 24, 2022, PCS subcontracted with APS to provide certain asphalt paving materials and services, including but not limited to, trackless tack applied per FDOT requirements, for the SR 52 Project (the "SR 52 Work") for the total sum of four million, seventeen thousand eight hundred eighty five dollars and seventy six cents ($4,017,885.76) (the "SR 52 Subcontract").

10. On March 21, 2022, APS and PCS executed Purchase Order #4106-014 setting out the agreement for the SR 52 Work. A true and correct copy of Purchase Order #4106-014 is annexed hereto as Exhibit A.

11. As agreed upon in the SR 52 Subcontract, between August 2023 and November 2023, APS issued invoices during the course of its performance of the SR 52 Work totaling five hundred eighty seven thousand two hundred twenty three dollars and fifty seven cents ($587,223.57).

12. Upon information and belief, FDOT has paid PCS for APS's invoiced work on the SR 52 Project.

13. APS has met all legal and contractual conditions precedent to full and final payment for its invoiced work on the SR 52 Project.

14. Despite multiple demands, PCS has failed, and continues to fail, to pay APS the balance due and owing under the SR 52 Subcontract.

15. On or about March 11, 2022, PCS subcontracted with APS to provide certain asphalt paving materials and services, including but not limited to, trackless tack applied per FDOT requirements, for the SR 55 Project (the "SR 55 Work") for the total sum of four million, seventeen thousand eight hundred eighty five dollars and seventy six cents ($4,017,885.76) (the "SR 55 Subcontract").

16. On March 21, 2022, APS and PCS executed Purchase Order #4109-004 setting out the agreement for the SR 55 Work. A true and correct copy of Purchase Order #4109-004 is annexed hereto as Exhibit B.

17. As agreed upon in the SR 55 Subcontract, between September 2023 and November 2023, APS issued invoices during the course of its performance of the SR 55 Work totaling nine hundred forty three thousand forty three dollars and eighty cents ($943,043.80).

18. Upon information and belief, FDOT has paid PCS for APS's invoiced work on the SR 55 Project.

19. APS has met all legal and contractual conditions precedent to full and final payment for its invoiced work on the SR 55 Project.

20. Despite multiple demands by APS, PCS has failed, and continues to fail, to pay APS the balance due and owing under the SR 55 Subcontract.

21. In furtherance of the Projects, between September 2023 and November 2023, PCS also agreed to purchase from APS numerous amounts of asphalt paving

materials, specifically, Gardner Trackless Tack.

22. Between September 2023 and November 2023, APS issued invoices for PCS's purchases of Gardner Trackless Tack totaling thirty one thousand one hundred seventy nine dollars and thirty three cents ($31,179.33).

23. More than thirty (30) days has passed since APS's last invoice.

24. Despite multiple demands by APS, PCS has failed, and continues to fail, to pay APS the balance due and owing for PCS's purchases of Gardner Trackless Tack.

## COUNT I

## Breach of Contract

25. APS hereby repeats and incorporates by reference all preceding paragraphs as if set forth at length herein.

26. On March 21, 2022, APS and PCS entered into valid and enforceable subcontracts. (See Exhibits A and B).

27. Under the Subcontracts, PCS was to pay APS for its provision of certain asphalt paving materials and services on the SR 52 Project and SR 55 Project within 30 days from the receipt of invoices.

28. Between August 2023 and November 2023, APS issued invoices during the course of its performance on the Projects.

29. Upon information and belief, FDOT has paid PCS for APS's invoiced

5

work on the Projects.

30. APS has met all legal and contractual conditions precedent to full and final payment for its invoiced work on the Projects.

31. PCS has failed, and continues to fail, to pay APS the balance due and owing under the Subcontracts.

32. By way of the foregoing, PCS has materially breached the Subcontracts.

33. As a direct and proximate result of said breach, APS has been damaged in the amount of at least $1,561,446.70.

**WHEREFORE**, Plaintiff Asphalt Paving Systems, Inc. demands judgment against Defendant PCS Civil, Inc. for:

a. Compensatory damages;

b. Attorney's fees, interest, and costs of suit; and

c. Such other and further relief as the Court deems just and proper.

## COUNT II

### Violation of the Florida Prompt Payment Act

34. APS hereby repeats and incorporates by reference all preceding paragraphs as if set forth at length herein.

35. Pursuant to the Florida Prompt Payment Act, § 255.073(3), Fla. Stat. ("FPPA"), "[w]hen a contractor receives payment from a public entity for labor,

services, or materials furnished by subcontractors and suppliers hired by the contractor, the contractor shall remit payment due to those subcontractors and suppliers within 10 days after the receipt of payment."

36. PCS failed, and continues to fail, to pay APS as required by both the Subcontracts and the FPPA.

37. Under the FPPA, § 255.073(4), Fla. Stat., "[a]ll payments due for the purchase of construction services and not made within the applicable time limits shall bear interest at the rate of 2 percent per month."

38. APS has satisfied all conditions precedent to assert a claim under the FPPA.

39. Therefore, PCS's refusal to pay APS for the materials and services provided in wrongful and in violation of the FPPA, entitling APS to interest, penalties, and attorneys' fees, which damages shall continue to accumulate throughout this litigation.

**WHEREFORE**, Plaintiff Asphalt Paving Systems, Inc. demands judgment against Defendant PCS Civil, Inc. for:

a. Compensatory damages;

b. Attorney's fees, interest, and costs of suit; and

c. Such other and further relief as the Court deems just and proper.

Dated: January 4, 2024

Respectfully submitted,

By: /s/ *John F. Palladino*
John F. Palladino, Esq.
Florida Bar ID # 87184
HANKIN SANDMAN PALLADINO
WEINTROB & BELL, P.C.
A Professional Corporation
30 S. New York Avenue
Atlantic City, NJ  08401
T: (609) 344-5161
F: (609) 344-7913
E-mail: john@hankinsandman.com
*Attorneys for Plaintiff,*
*Asphalt Paving Systems, Inc*